STATE OF MAINE
KENNEBEC, ss.

UNIFIED CRIMINAL DOCKET
AUGUSTA
DOCKET NO. CR-2020-1043

STATE OF MAINE

**ORDER ON PENDING MOTIONS**

v.

JOSHUA SEMPREBON
Defendant

Before the court are the following pending motions:

1. Defendant's Motion to Dismiss, and:

2. Defendant's Motion for Bill of Particulars.

## BACKGROUND

The Defendant (Joshua Semprebon) has been indicted on two counts of Aggravated Trafficking in Schedule W Drugs (Class A) in violation of 17-A M.R.S. § 1105-A(1)(K). Specifically, Semprebon is charged with trafficking in fentanyl powder (Count 1) and heroin (Count 2) on May 19, 2020, and the death of another person was in fact caused by the use of one or more scheduled drugs, and the fentanyl powder and/or heroin trafficked by Semprebon was a contributing factor to the death of the other person. Although not identified in the Indictment, discovery indicates that the deceased person was Christopher Sirois, who was discovered dead on the morning of May 19, 2020 in Belgrade. According to the motions filed by Semprebon and the responses submitted by the State, the Office of the Chief Medical Examiner has determined that the cause of death for Sirois was "Acute Intoxication" due to

"the combined effects of cocaine, heroin, fentanyl, phenobarbital, and diazepam." It is alleged by the State that on the evening of May 18, 2020, Semprebon supplied Sirois with a substance that included both fentanyl and heroin.

Title 17-A M.R.S. § 1105-A(1)(K) provides that a person is guilty of Aggravated Trafficking if that person violates section 1103 (intentionally or knowingly trafficking in a scheduled drug) and:

> Death of another person is in fact caused by the use of one or more scheduled drugs, the scheduled drug trafficked by the defendant is a contributing factor to the death of the other person and that drug is a schedule W drug. A violation of this paragraph is a Class A crime.[1]

## MOTION TO DISMISS

Semprebon's motion to dismiss is based on his reading of *Burrage v. United States,* 571 U.S. 204 (2014). The court has read *Burrage* and agrees with the State that it does not support Semprebon's claim to dismissal of the Indictment. In *Burrage* the Supreme Court interpreted a federal law that required a mandatory minimum sentence of 20 years upon a conviction of distributing a Schedule I or II drug and "death or serious bodily injury <u>results from</u> the use of such substance." 21 U.S.C. § 841(a)(1), (b)(1)(A)-(C) (emphasis added). The Court construed the term "results from" to mean "but for" causation. In other words, the Court held that the death or serious bodily injury of another person would not have occurred "but for" the use of the drugs distributed by the defendant.

The Maine Legislature, however, has clearly intended to define Aggravated Trafficking in section 1105-A(1)(K) differently. Pursuant to 17-

---

[1] Fentanyl powder and heroin are both schedule W drugs. *See* 17-A M.R.S. § 1102(1)(I).

A M.R.S. § 1105-A(1)(K), the State must prove, beyond a reasonable doubt, the following:

1. The Defendant intentionally or knowingly trafficked in a Schedule W drug;
2. The death of Mr. Sirois was, in fact, caused by the use of one or more scheduled drugs;
3. The Schedule W drug trafficked by the Defendant was a contributing factor to the death of Mr. Sirois.

Under this statutory formulation, the State must prove that Mr. Sirois's death would not have occurred but for his use of one or more scheduled drugs, not necessarily the one(s) allegedly trafficked by Mr. Semprebon. Nevertheless, the State must also prove that the Schedule W drug actually trafficked by Semprebon was a contributing factor to the death of Sirois. In the court's view, *Burrage* does not prohibit such a statute and does not require dismissal.

## MOTION FOR BILL OF PARTICULARS

In his Motion for Bill of Particulars, Semprebon argues that he has been indicted for two felonies for a single alleged incident of trafficking. The only difference between Counts 1 and 2 of the Indictment is the Schedule W drug alleged to have been trafficked, namely, fentanyl powder (Count I) and heroin (Count 2). The State alleges that Semprebon trafficked in a combination of two different Schedule W drugs. Semprebon contends that he is being subjected to Double Jeopardy by being twice charged for the same offense.

In the court's view, Semprebon is not being charged twice for the same offense because fentanyl powder and heroin are two different Schedule W drugs, with separate and different statutory definitions that the State must prove beyond a reasonable doubt. 17-A M.R.S. § 1101(24) (fentanyl powder) & (26) (heroin).

3

## CONCLUSION

The entry is:

Defendant's Motion to Dismiss is DENIED.

Defendant's Motion for Bill of Particulars is DENIED.

Date: October 27, 2020

William R. Stokes
Justice, Superior Court

Entered on the docket 10/27/20

4